UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| EDGAR GOODWIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF TENNESSEE, et al., )<br>)<br>Defendants. ) | Case No. 1:24-cv-61<br><br>Judge Atchley<br>Magistrate Judge Lee |

## **MEMORANDUM AND ORDER**

Plaintiff, a self-represented prisoner housed in the Bledsoe County Correctional Complex, filed a civil rights action under 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 5].[1] For the reasons articulated below, the Court will grant Plaintiff's motion and order him to file an amended complaint.

**I.     MOTION TO PROCEED *IN FORMA PAUPERIS***

It appears from Plaintiff's motion [Doc. 5] that he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402 twenty percent (20%) of Plaintiff's preceding monthly

---

[1] Plaintiff's motion to proceed *in forma pauperis* indicates that he is currently housed in the South Central Correctional Facility [*See generally* Doc. 5]. But the docket reflects that Plaintiff is housed in the Bledsoe County Correctional Complex ("BCCX"). Out of an abundance of caution, the Court will **DIRECT** the Clerk to mail a copy of this Memorandum and Order to (1) Plaintiff's address of record and (2) the address listed on the envelope bearing his motion to proceed *in forma pauperis* [*See* Doc. 5 p. 4]. If Plaintiff's is no longer housed at BCCX, he must notify the Clerk of that fact in writing within fourteen days of any change of address. *See* E.D. Tenn. L.R. 83.13.

income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). Pro se pleadings are construed liberally and held to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even pro se pleadings must contain "more than an unadorned, the-defendant-unlawfully-harmed-me" accusation to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, to state a plausible claim for relief, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. And formulaic and conclusory recitations of the elements of a

claim which are not supported by specific facts are also insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

The Court finds a full PLRA screening inappropriate at this time, as Plaintiff's complaint fails to allege the necessary facts to state a viable § 1983 claim to relief. That is, Plaintiff complains of various conditions and incidents that occurred while he was housed at the Hamilton County Jail, but his allegations lack any factual underpinning and are stated only as conclusory claims (*e.g.,* he alleges "denied right to practice religion" and "denied proper and appropriate medical attention") [Doc. 1 p. 4]. Therefore, Plaintiff will be **ORDERED** to file an amended complaint. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). Plaintiff's amended complaint should provide the following details:

> a) the names and titles of all [defendants] [if known];
> b) . . . all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;
> c) . . . the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;
> d) . . . the location where each relevant event occurred;
> e) . . . how each defendant's acts or omissions violated Plaintiff's rights and . . . the injuries Plaintiff suffered; and
> f) . . . what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

*Polite v. VIP Cmty. Servs.*, No. 20-CV-7631 (LLS), 2020 WL 6064297, at *3 (S.D.N.Y. Oct. 13, 2020). And "[b]ecause Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint." *Id.*; *see also* E.D. Tenn. L.R. 15.1 (explaining that an amended complaint cannot incorporate the original complaint by reference). Plaintiff **must** file his amended complaint on or before **March 21, 2024**. The Clerk will be **DIRECTED** to forward him a § 1983 form for this purpose.

3

Plaintiff is **NOTIFIED** that if he does not file an amended complaint on or before **March 21, 2024**, the Court will **DISMISS** his complaint for failure to prosecute and comply with an order of the Court, and for failure to state a claim upon which relief may be granted.

Finally, Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any other kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any motions filed before the Court has completed this screening.

### III. CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to (1) Plaintiff's address of record and (2) the address listed on the envelope bearing Plaintiff's motion to proceed *in forma pauperis* [*See* Doc. 5 p. 4];

2. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5] is **GRANTED**;

3. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

4. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

5. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

6. On or before on or before **March 21, 2024**, Plaintiff must file an amended complaint in accordance with the directives above. The Clerk is **DIRECTED** to send Plaintiff a § 1983 form for this purpose;

7. If Plaintiff fails to timely submit an amended complaint, this action will be dismissed for failure to state a claim upon which § 1983 relief may be granted and for failure to prosecute and comply with an Order of the Court; and

8. Plaintiff must immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to

4

provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**