# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

EDGAR GOODWIN,          )
                               )
          Plaintiff,         )       Case No. 1:24-cv-61
                               )
v.                            )       Judge Atchley
                               )       Magistrate Judge Lee
NURSE SHIAN, et al.,       )
                               )
          Defendants.     )

## MEMORANDUM AND ORDER

Plaintiff Edgar Goodwin, a prisoner in the custody of the Tennessee Department of Correction ("TDOC"), currently housed in the South Central Correctional Facility ("SCCF"), is proceeding pro se and *in forma pauperis* on an amended complaint under 42 U.S.C. § 1983 [Doc. 8, 10; *see also* Doc. 6] that is before the Court for screening in accordance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  For the reasons set forth below, the Court will allow Plaintiff's claim for the denial of constitutionally adequate medical care to proceed as to Nurse Shian and dismiss the remaining Defendants and claims.

## I.     SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the

language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II.     ALLEGATIONS OF AMENDED COMPLAINT[1]

For approximately three years, Plaintiff was denied adequate cancer treatment in the Hamilton County Jail [Doc. 8 p. 2–4]. Sometime between May and July 2023, Plaintiff asked Nurse Shian, the Director of Medical at the Hamilton County Jail, when he would "make [his] chemo appointments[,]" and Nurse Shian responded, "[I]t's up to transport" [*Id*. at 2–3]. In response, Plaintiff asked, "Why?" [*Id*. at 4]. But Nurse Shian "shrugged and left it alone" [*Id*.]. Around the same time, Plaintiff made similar inquiries of Rowe and Watkins, but "they just said

---

[1] In ordering Plaintiff to file an amended complaint, the Court stated: "[B]ecause Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint" [Doc. 6 p. 4, citations omitted]. Therefore, the Court will not consult Plaintiff's original complaint in determining whether Plaintiff's amended complaint states a colorable claim under 42 U.S.C. § 1983.

2

they don't know" [*Id.*]. Plaintiff filed grievances about the lack of treatment, to which he never received a response [*Id.*].

In October 2023, Plaintiff was "abruptly" transferred to the Bledsoe County Correctional Complex ("BCCX") [*Id.*]. A nurse practitioner there told Plaintiff that a pill prescribed to him (presumably by a medical provider at the Hamilton County Jail) "could've potentially killed or harmed" him [*Id.*]. And Chaplain Jones ordered Chaplain Ezelle "to not produce for [Plaintiff] religious articles" Plaintiff requested on Islam, thereby denying Plaintiff his "constitutional freedom to practice [his] religion" [*Id.*]. In 2022 or 2023, Chaplains Jones and Ezelle "never made certain that [Plaintiff's] Ramadan meals were efficient" or delivered, "except the last meal of the fast" [*Id.*].

Aggrieved, Plaintiff filed this suit seeking $20 billion in damages against the Hamilton County Sheriff, Nurse Shian, Chaplain Jones, kitchen staff, transport staff, security staff, grievance staff, Chaplain Ezelle, Rowe, and Watkins [*Id.* at 1, 3, 5].

## III.    ANALYSIS

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere"). Plaintiff does not state whether he is suing Defendants in their individual capacities, their official capacities, or both. Therefore, out of an abundance of caution, the Court addresses Plaintiff's claims against Defendants in both their individual and official capacities.

## A.     Official-Capacity Claims

To the extent Plaintiff sues Defendants in their official capacities, he is essentially suing the entity that employs them. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). But under *Monell*, an entity "cannot be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691. Because Plaintiff has not alleged that his constitutional rights were violated due to a policy or practice of Hamilton County, all official-capacity claims against Defendants are **DISMISSED**.[2]

## B.     Individual-Capacity Claims

To state a viable § 1983 claim against a defendant in his or her individual capacity, a plaintiff must allege that through their "own individual actions" each defendant "*personally* violated plaintiff's rights under clearly established law." *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015) (emphasis in original). This requirement exists because constitutional liability cannot attach to a defendant solely based on his or her position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the

---

[2] Because Plaintiff does not specify otherwise, the Court presumes that all Defendants are employed by Hamilton County, but it appears Defendants Jones and Ezelle could be TDOC employees who work at BCCX [*See* Doc. 8 p. 4]. The Court finds that if Jones and Ezelle are TDOC employees, Plaintiff cannot maintain suit against them in their official capacities under § 1983, because suit against them officially is an impermissible suit against the State of Tennessee. *See Hix v. Tenn. Dep't of Corr*., 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is equivalent of the "State"); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) (holding "a State is not a person within the meaning of § 1983"); *Monell*, 436 U.S. at n.55 ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.").

4

unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Monell*, 436 U.S. at 691 (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor").

### 1. Hamilton County Sheriff

Plaintiff has not alleged any facts from which the Court could infer that the Hamilton County Sheriff was personally involved in any deprivation of Plaintiff's constitutional rights, and this Defendant is **DISMISSED**.

### 2. Chaplains Jones and Ezelle

Plaintiff maintains that Chaplains Jones and Ezelle failed to produce religious articles for him and failed to "ma[k]e certain" that he received his Ramadan meals in 2022 or 2023 [Doc. 8 p. 4]. These allegations implicate Plaintiff's rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq*.

"The Free Exercise Clause of the First Amendment, applicable to the States under the Fourteenth Amendment, provides that 'Congress shall make no law. . . prohibiting the free exercise' of religion.'" *Fulton v. City of Philadelphia, Penn.*, 593 U.S. 522, 532 (2021). This right is not without limitations, however, because "the circumstances of prison life may require some restriction on prisoners' exercise of their religious beliefs." *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985). Accordingly, a prisoner's rights may be reasonably restricted to accommodate "legitimate penological interests." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Prisons must allow prisoners a reasonable opportunity to exercise their faith. *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972). To establish a free exercise violation, Plaintiff must establish that (1) the belief or practice asserted is religious within his own "scheme of things," (2) his belief is

sincerely held, and (3) Defendant's behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224–25 (6th Cir. 1987) (internal citations and citation omitted). To be actionable, Defendants' infringement must place "a substantial burden on the observation of a central religious belief or practice[.]" *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989). And "the Supreme Court has made clear that the 'substantial burden' hurdle is high." *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007). A burden is substantial where it (1) forces an individual to choose between following the tenets of his religion and foregoing governmental benefits or (2) places "substantial pressure on an adherent to modify his behavior and to violate his beliefs[.]" *Id*. at 734.

RLUIPA "applies to prisons that receive federal funds and prohibits state and local governments from placing 'a substantial burden' on the 'religious exercise' of any inmate unless they establish that the burden furthers a 'compelling governmental interest' and does so in the 'least restrictive' way." *Haight v. Thompson*, 763 F.3d 554, 559 (6th Cir. 2014) (quoting 42 U.S.C. § 2000cc-1(a)).

Plaintiff has not alleged any facts suggesting that his ability to practice Islam has been substantially burdened. That is, Plaintiff has not identified any authority that would require officials to procure religious materials for him, and the Court does not know of any such authority. *See Cruz*, 405 U.S. at 323 ("There cannot possibly be any constitutional or legal requirement that the government provide materials for every religion and sect practiced in this diverse country. At most, [religious] materials cannot be denied to prisoners if someone offers to supply them.") (Burger, C.J., concurring). And while Plaintiff complains that Defendants Jones and/or Ezelle failed to "ma[k]e certain" he received his Ramadan meals, he has not alleged any facts that would allow the Court to plausibly infer that either of these Defendants were responsible for serving

6

Plaintiff meals or ensuring that the appropriate meals were served. Therefore, these conclusory allegations fail to state a § 1983 claim. *See Twombly*, 550 U.S. at 557 (holding "naked assertion[s]" of wrongdoing "without some further factual enhancement" fails to state a claim). Accordingly, Plaintiff's First Amendment and RLUIPA claims are **DISMISSED**.

### 3. Rowe, Watkins, and Nurse Shian

Plaintiff intimates Rowe, Watkins, and Nurse Shian were involved in the alleged denial of his constitutionally adequate medical treatment [Doc. 8 p. 4]. These allegations implicate the Eighth Amendment, which prohibits deliberate indifference to a prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To demonstrate a violation of the Eighth Amendment with regard to his medical treatment, Plaintiff must show a "sufficiently serious" medical need that the Defendants responded to with "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994). That is, a prisoner must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff cannot sustain a § 1983 claim by alleging health care officials were negligent in failing to treat him adequately; deliberate indifference requires a mental state amounting to criminal recklessness. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839–40). And only acts or omissions that produce an "unnecessary and wanton infliction of pain" implicate the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Thus, a prisoner cannot state a claim of deliberate indifference by suggesting that he was misdiagnosed or not treated in a manner he desired. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997) (finding "[m]isdiagnoses, negligence, and malpractice" are not "tantamount to deliberate indifference"). As the Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105–06 (internal quotation marks omitted).

Plaintiff's only allegations against Rowe and/or Watkins are that they did not have an answer as to when the transportation staff would schedule and/or take Plaintiff to his chemotherapy appointments [Doc. 8 p. 3–4]. Plaintiff does not identify whether Rowe and Watkins are members of the correctional staff or medical staff. Regardless, Plaintiff does not allege that either of these Defendants could have, but failed to, arrange chemotherapy treatments for Plaintiff. Nor does he allege that either of these Defendants interfered with any prescribed treatment regimen. Accordingly, Plaintiff has failed to plausibly allege that Defendants Rowe and/or Watkins acted with deliberate indifference to his serious medical needs, and these Defendants are **DISMISSED**.

And while Plaintiff does not specifically allege that Nurse Shian failed to ensure that he was transported to his chemotherapy appointments, he does maintain that she (1) is the medical director at the Hamilton County Jail who (2) knew Plaintiff had cancer and (3) failed to ensure he received the necessary medical treatment [*Id.*]. The Court finds these allegations sufficient to allow Plaintiff's claim of deliberate indifference to his medical needs to **PROCEED** against Nurse Shian.

### 4. Unknown Parties

Plaintiff has identified as Defendants unidentified members of the Hamilton County transport staff, grievance staff, kitchen staff, and security staff [Doc. 8 p. 1, 3]. But Plaintiff has not alleged any facts suggesting wrongdoing by the kitchen staff or security staff, and these

Defendants are **DISMISSED**. And while Plaintiff complains that he filed grievances that no one responded to, Plaintiff has no constitutional right to a grievance procedure. *See Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (providing that a prisoner has "no inherent constitutional right to an effective prison grievance procedure"). Therefore, this allegation fails to state a claim, and the grievance staff Defendants are likewise **DISMISSED**.

This leaves Plaintiff's claim against the Hamilton County transport staff. Plaintiff maintains that the transportation staff failed to schedule and/or transport him to his chemotherapy appointments [Doc. 8 p. 3–4]. Plaintiff's amended complaint is not factually robust regarding this claim, as Plaintiff does not allege who prescribed him chemotherapy treatments, where and when those treatments were to occur, how many treatments he missed, or whether he ever received any treatments while housed at the Hamilton County Jail. But even if the Court were to find that Plaintiff's amended complaint states a viable claim for the denial of medical care as it relates to his transport for treatment, Plaintiff has not identified the persons allegedly responsible. And the mere filing of a complaint does not commence a civil action against an unidentified party. *See Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *5 (E.D. Tenn. Nov. 4, 2009) ("A civil action cannot be commenced against a fictitious party such as an unknown John Doe." (citing *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968))). Instead, "until an amendment adding additional defendants has been permitted by the court," allegations against an unknown defendant "are merely 'surplusage[.]'" *Dunn v. Paducah Int'l Raceway*, 599 F. Supp. 612, 613 n. 1 (W.D. Ky. 1984) (citing *Hannah v. Majors*, 35 F.R.D. 179, 180 (W.D. Mo. 1964)). Therefore, no process may issue against these unknown Defendants, and they are **DISMISSED**.

However, if Plaintiff wishes to pursue a denial-of-medical-treatment claim against any member(s) of the transport staff, he must move to file an amended complaint within the statute of

limitations that (1) identifies and adds these Defendants by their true names, and (2) provides specific facts as to what action or inaction of these Defendants violated his constitutional rights. *See, e.g., Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (finding that "Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)[ ]"). Plaintiff is **NOTIFIED** however, that any proposed amended complaint must contain all of Plaintiff's claims, as the Court's local rules require parties to "reproduce the entire pleading as amended" and avoid "incorporat[ing] any prior pleading by reference." E.D. Tenn. L.R. 15.1.

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's claim for the denial of constitutionally adequate medical treatment will **PROCEED** against Defendant Nurse Shian;

2. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Shian;

3. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty-one (21) days of entry of this Order;

4. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

5. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packet, this action will be dismissed;

6. Defendant shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant fails to timely respond to the complaint, it may result in entry of judgment by default;

7. All other claims and Defendants are **DISMISSED**; and

8. Plaintiff is **ORDERED** to immediately inform the Court and Defendant or her counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to

10

provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

11