# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

EDGAR GOODWIN,                          )
                                        )
                    Plaintiff,          )        Case No. 1:24-cv-61
                                        )
v.                                      )        Judge Atchley
                                        )        Magistrate Judge Lee
NURSE SHIAN,                            )
                                        )
                    Defendant.          )

## <u>MEMORANDUM OPINION</u>

Plaintiff filed a pro se prisoner's complaint, as amended, on March 4, 2024 [Doc. 8]. On March 22, 2024, the Court entered an Order screening the amended complaint and providing Plaintiff twenty-one (21) days within which to return a service packet for the remaining Defendant, Nurse Shian [Doc. 11 p. 10]. The Court specifically warned Plaintiff that it would dismiss this case if Plaintiff failed "to timely return the completed service packet" [*Id*. ¶5]. The deadline has passed, and Plaintiff has not returned his completed service packet or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for failure "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

The Court first finds that Plaintiff's failure to timely comply with the Court's Order was due to Plaintiff's willfulness or fault, as he failed to follow an explicit direction of the Court. Second, the Court finds Plaintiff's failure to comply with the Court's Order has not prejudiced Defendant, as no process has issued in this case. Third, Plaintiff was expressly warned that failure to timely submit the completed service packet would result in the dismissal of this case [Doc. 11 ¶ 5]. Finally, the Court concludes that alternative sanctions are not warranted, as Plaintiff is a prisoner proceeding pro se and *in forma pauperis* in this action who has not communicated with the Court since its Order issued [*See, generally*, Doc. 11].

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status did not prevent him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** pursuant to Rule 41 of the Federal Rules of Civil Procedure. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

2

**SO ORDERED.**

_/s/ Charles E. Atchley, Jr._
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**